ADOLPH BOSKOWITZ, Respondent, *v.* THE CONTINENTAL INSURANCE COMPANY, Appellant.

First Department, November 17, 1916.

Appeal — direction of verdict — review by Appellate Division — jury trial — insurance — action on fire insurance policy — parties — dry trust — waiver of non-joinder — damages — when false swearing by insured in tax proceeding relevant in action on policy of fire insurance.

Where, after the jury had deliberated upon the issues for some time without reaching any agreement, both parties moved for the direction of a verdict in their favor, and neither party asked to have any question of fact submitted to the jury, and thereupon the trial justice directed a verdict for the plaintiff, there was not a trial without a jury so as to give the Appellate Division power under section 993 of the Code of Civil Procedure to review all questions of fact and of law.

Under such circumstances the Appellate Division cannot consider questions as to the credibility of the witnesses or the weight of the evidence, but can only reverse or modify the judgment if there is no evidence tending to sustain it, or if it is otherwise contrary to law.

Where, in an action on a policy of fire insurance, it appears by the terms of the policy that the loss is made payable, if any, to a person of the same name as the plaintiff, with the added words "as trustee," the words will be treated as mere words of description, and not as designating a representative capacity, where no *cestui que trust* is named. The trust is, therefore, a dry trust.

Even if it should be held that the plaintiff and the person mentioned in the policy are different persons the objection of non-joinder not having been raised by demurrer or answer is waived.

The policy provided as follows: "$25,000 on the brick and stone building excluding cost of excavations and foundations of building below the level of the ground * * *."

*Held*, that an item of damage claimed by the plaintiff to piers and certain walls was not excluded by the provision of the policy "excluding cost of excavations and foundations of building below the level of the ground," the evidence establishing that such piers were a part of the foundation.

Where a fire insurance policy provides that "The loss or damage * * * shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality," the damages should be assessed under said provision, although the assured made repairs by another method costing less.

Alleged false swearing by an insured in proceedings for the reduction of tax assessments is only relevant or material in an action on the policy to affect the credibility of the plaintiff, and is not admissible to show that the policy was void, because of fraud and false swearing in violation of the provision thereof.

APPEAL by the defendant, The Continental Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of December, 1915, upon the verdict of a jury rendered by direction of the court.

*William B. Ellison*, for the appellant.

*Max D. Steuer*, for the respondent.

PAGE, J.:

After the case had been submitted to the jury and the jury had deliberated upon the issues for some time without reaching an agreement, both parties moved for a direction of the verdict in their favor, and neither party asked to have any question of fact submitted to the jury. Thereupon, the trial justice directed a verdict for the plaintiff in the sum of $7,401.27,

The action was brought to recover on a policy of fire insurance upon property of the plaintiff, known as 704 and 706 Broadway. The total amount of insurance was $160,000, and was divided among the following companies: Scottish Union, $75,000; Fire Association of Philadelphia, $25,000; Sun Insurance Office, $25,000; Home Insurance Company, $10,000, and the defendant company, $25,000.

Actions have been brought against each of these companies to recover the proportionate amount of the alleged loss, and it was stipulated that all of these actions should abide the result of this case. Certain items of damage were agreed upon. The third item of damage claimed by the plaintiff to piers and north and south walls estimated to be replaced at $36,217 is disputed by the defendant, its claim being that the amount is grossly exaggerated, and, furthermore, that damages to the piers and north and south walls referred to are expressly excluded under the policies sued on. The appellant also presents three other contentions to the court on this appeal: *First,* that by the terms of the policy the loss, if any, was made payable to a person other than the plaintiff; and, *second,* that the plaintiff was guilty of fraud and false swearing; *third,* that conceding the liability of the defendant, the damages awarded the plaintiff are grossly excessive.

Before entering upon the consideration of these questions presented by the appeal it is necessary to consider the effect of the direction of the verdict after a motion to that effect by both parties, neither party requesting the submission of any fact to the jury. The appellant takes the position that this was no more than the waiving of a jury and the trial of the issues by the court, and he relies upon section 993 of the Code of Civil Procedure as giving to this court power to review all questions of fact and of law. This, however, was not a trial of the case without a jury, but the trial of the case by a jury in which a verdict had been directed, and, therefore, section 993 does not apply.

. In the case of *Trimble* v. *N. Y. C. & H. R. R. R. Co.* (162 N. Y. 84) the Court of Appeals considered at length, reviewing a number of prior decisions, the result of a direction of a verdict where both sides had in effect moved for a

direction, and held that where a verdict has been directed in favor of the plaintiff, although the defendant excepted thereto, all the controverted facts and all inferences in support of the judgment entered thereon will be deemed conclusively established in plaintiff's favor.

In *Mullen* v. *Quinlan & Co.* (195 N. Y. 109, 113), at the conclusion of the plaintiff's case, defendant's counsel moved for a nonsuit and the motion was denied and exception taken. The defendant then rested, offering no evidence, whereupon the plaintiff moved for a direction of the verdict in its favor. The trial court granted the motion and the defendant excepted. The court said: " As neither party had asked to go to the jury upon any question of fact, the court was authorized to determine the case as one of law upon the facts in evidence, and if there was any evidence to sustain the determination made, it is conclusive upon the parties. The defendant, in effect, by requesting the court to determine the case upon his motion for a nonsuit, treated the questions as purely legal and acquiesced in their disposal by the court. The exception to the direction of a verdict for the plaintiff avails, only, to bring up the question of the sufficiency of the evidence."

And again in *Jacobus* v. *Jamestown Mantel Co.* (211 N. Y. 154) the question involved was as to the power of the treasurer of the corporation to execute a promissory note. The court states in its opinion certain questions of fact which were presented by the evidence, and then says: " The plaintiff at the trial insisted that the court direct a verdict, and it having directed a verdict for the defendant, the plaintiff is bound by the decision of the court upon all questions of fact then open for its determination. There is evidence on which the trial court was authorized to make the findings necessary on which to base its direction of a verdict for the defendant," and affirmed the judgment. From these authorities it would appear that in our review of the judgment in this case we cannot consider questions as to the credibility of the witnesses or the weight of the evidence, but can only reverse or modify the judgment if there is no evidence tending to sustain it, or if otherwise it is contrary to law.

The policy in this case is the usual standard form in which

the company "does insure" Adolph Boskowitz against all direct loss or damage by fire. Attached thereto is a rider. The parts thereof material to this appeal are as follows: "$25,000 on the brick and stone building excluding cost of excavations and foundations of building below the level of the ground * * * situate Nos. 704–706 Broadway, Borough of Manhattan, City of New York. * * * Loss, if any, payable to Adolph Boskowitz, as trustee."

In the proof of loss presented it is stated that the sole owner in fee of the buildings covered by said policy, and of the ground on which said building stood is the assured, and that the only incumbrance on the property is a mortgage in the sum of $200,000 to Adolph Boskowitz as trustee. The appellant claims, *first*, that by the terms of the policy the loss, if any, was made payable to a person other than the plaintiff, and *second*, that the damage to the piers and north and south walls are expressly excluded under the policy by the provisions of the rider "excluding cost of excavations and foundations of building below the level of the ground," and furthermore, *third*, that, if the defendant is liable for damage to the piers, the damage awarded plaintiff is grossly excessive, and also it is charged that the plaintiff is guilty of fraud and false swearing, the policy providing that the policy should be void in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after the loss. There is nothing in the contention that by the terms of the policy the loss, if any, was made payable to a person other than the plaintiff, and for that reason the plaintiff could not maintain the action. In the first place the contract is made with the plaintiff as the assured. (See *Carr* v. *Providence Washington Ins. Co.*, 38 Hun, 86, 95; *Carr* v. *Security Ins. Co.*, 109 N. Y. 504, 511.) The loss is made payable, if any, to a person of the same name, with the added words, "as trustee." These words are clearly mere words of description, and do not designate a representative capacity, for the reason that no *cestui que trust* is named. The trust is, therefore, a dry trust. The identity of the persons would be assumed from the identity of names. But if we should conclude that these were different persons, the objection

of non-joinder, not having been raised by demurrer or answer, is waived. (Code Civ. Proc. §§ 488, 498, 499.)

The appellant claims that the damage to the piers and north and south walls is expressly excluded by the terms of the rider.

The question here to be considered is, were these piers a part of the foundation? This was the principal question litigated. Witnesses were called on both sides, those of the plaintiff testifying that there was a well-known distinction between "foundations;" that is, the footing of concrete, etc., and the "foundation walls" which rested on that footing. The Building Code of the city was introduced, section 25 of which refers to foundations and section 26 to foundation walls. (See Cosby's Code Ord. [Anno. 1914] p. 188 *et seq.*, §§ 25, 26.)* There being, therefore, sufficient evidence, if accepted, to support the finding that the piers and east and west walls were not excepted from the policy, we cannot interfere with the judgment on that score.

The appellant also claims that the damages were excessive. The rule of damages as provided by the policy is as follows: "The loss or damage * * * shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality." (*McCready* v. *Hartford Fire Ins. Co.*, 61 App. Div. 584.) Defendant claims that it would cost less to repair by binding the cracked piers with irons or cables and surrounding them with concrete, and this it claims was what was done by the plaintiff. But the damage that the defendant agreed to pay was what it would cost " to repair or replace the same *with material of like kind and quality.*" The plaintiff gave evidence of that cost, and that was the amount included in the judgment.

The claim of false swearing is predicated upon the statement in the proof of loss that the cash value of the building was $190,000, whereas in proceedings for reduction of tax assessment he stated it to be worth in 1913, $95,000; in 1914, $90,000; in 1915, $68,000. Here the plaintiff claims that there were two entirely different measures of value. The insurance value was the cost of reproduction, and he proved that the building

* Now Building Code, § 232 *et seq.* See Cosby's Code Ord. (Anno. 1915) p. 72 *et seq.*— [REP.

actually cost $200,000, while the value for taxation was sale value based on rental and other elements, one of which was that property in this neighborhood had greatly depreciated by reason of the exodus of business firms, and another a comparison with the assessed values of other properties.

In any event I am not of opinion that the false swearing in other proceedings unrelated to the insurance transaction has any bearing under the provision of the policy.

The only possible relevance or materiality of the valuation in tax matters was to affect the credibility of the plaintiff which is not now an element in this case, however it might have been for the consideration of the jury.

The judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Judgment affirmed, with costs.