B. M. ROGERS, Appellant, v. MRS. W. P. RUTHERFORD, Appellee.

No. 40312. .

OCTOBER 21, 1930.

*J. O. Boyd*, for appellant.

*E. W. McManus* and *J. E. Newkirk*, for appellee.

GRIMM, J.—Appellant's motion to strike, which was submitted with the cause, is overruled.

On April 8, 1929, plaintiff filed his petition in equity, ask-

ing that he be decreed the absolute owner in fee simple of the rear 40 feet of Lot 1, Block 29, of the original city of Keokuk, Lee County, Iowa. The defendant Rutherford answered, alleging, among other things, that she had an interest in said property by virtue of having purchased the same, on the 21st day of November, 1928, at sheriff's sale thereof, which sale was held by virtue of a general execution issued upon the defendant Rutherford's judgment against R. V. McCutchan, rendered in the district court of Lee County, Iowa, on the 11th day of September, 1928. She also alleged that the said "R. V. McCutchan held the complete legal title thereto and the equitable interest therein by virtue of a purchase thereof by him and his taking a deed thereto as trustee; that the attempted separation by him of the legal and beneficial interest was abortive and void, because of its fraudulent purpose, and because the attempted trust was a mere fraudulent subterfuge therein entered into by R. V. McCutchan with intent to hinder, delay, and defraud this defendant in the collection of her judgment." She further alleges that the said McCutchan was insolvent at all the times mentioned in the answer. She prayed that "plaintiff be adjudged to hold the naked legal title, and that any interest he might have therein be decreed to be in every way junior and subject to this defendant's interest therein."

A chronological history of the record is as follows: The defendant Rutherford secured a judgment against McCutchan on September 11, 1928, for $1,716.67 and costs; on September 21, 1928, the property in question was deeded to "R. V. McCutchan, trustee;" on September 29, 1928, "the sheriff of Lee County, Iowa, by virtue of a general execution issued on the above judgment, levied on the 'interest of R. V. McCutchan' in the real estate in question;" on October 3, 1928, appellee, Mrs. Rutherford, instituted proceedings auxiliary to an execution to determine what property, if any, R. V. McCutchan owned; on October 16, 1928, McCutchan was examined and testified that he was holding the real estate involved in this controversy in trust for A. J. Langwith, to whom he owed some money, and for whom he subsequently collected the rents; on November 1, 1928, McCutchan quitclaimed to appellant, B. M. Rogers, and a week later, received a check for $200 in payment for the quitclaim deed; on November 19, 1928, McCutchan moved

to quash appellee's levy, and served notice of absence of individual ownership, and alleged that he was holding the real estate in trust for Langwith and the McCutchan Land Company; on November 21, 1928, after a hearing, this motion of McCutchan's was stricken from the records; on November 21, 1928, the sheriff of Lee County, Iowa, sold the real estate in controversy to Rutherford, appellee, who credited the purchase price upon her judgment; in January, 1929, appellant proceeded to declare forfeited an outstanding contract of purchase against the real estate in controversy; on April 8, 1929, the case at bar was begun; on June 4, 1929, there was a trial of the case; on July 3, 1929, the trial court made a finding, and dismissed plaintiff's cause of action. Included in the finding is the following:

"The court therefore finds that whatever interest R. V. McCutchan had in said property was included in the sale of said property made by the sheriff, and the court further finds that by a deed from C. J. Artz and Fannie Artz, his wife, to R. V. McCutchan, trustee, referred to as 'Exhibit G,' and bearing date of September 21, 1928, and recorded in Book No. 90, at page 601, of the Deed Records of Lee County, Iowa, at Keokuk, the said R. V. McCutchan became the legal and beneficial owner of said property, under the testimony disclosed upon the trial of this case, and that, on the 21st day of September, A.D. 1928, the lien of defendant's judgment against R. V. McCutchan, dated September 11, 1928, immediately attached to the said premises. The court further finds that the plaintiff, B. M. Rogers, by virtue of the deed referred to as 'Exhibit B,' and bearing date of November 1, 1928, * * * took title to the said real estate, but that his title is subject to the lien of defendant's judgment against R. V. McCutchan, dated September 11, 1928, and the certificate of sale under execution issued by the sheriff of Lee County, Iowa, at Keokuk, and that any right, title, or interest of the said plaintiff is subject and junior to the rights of Mrs. W. P. Rutherford, by virtue of her said judgment and the sheriff's certificate of sale issued thereunder. The court further finds that the transfer of the title to said real estate from R. V. McCutchan, trustee, to B. M. Rogers, on November 1, 1928, was in fraud of the defendant's rights."

It will be noted that no *cestui que trust* ever interfered or attempted to interfere or interposed any claim whatever in this litigation. There is no evidence whatever of any trust or agreement of trust, except the use of the word "trustee" in the documents and the somewhat conflicting statements of McCutchan as to who constituted the *cestui que trust*. He also testified that the consideration for the deed to him, as trustee, was the check of the McCutchan Land Company, which, so far as this record discloses, is a one-man corporation, McCutchan being the man.

The transaction between McCutchan and Rogers is not very clearly or satisfactorily set forth. It does, however, satisfactorily appear that the plaintiff knew all about the hearing held on the proceedings supplemental to execution against McCutchan on October 16, 1928, when the appellee defendant, Rutherford, was endeavoring to discover property upon which to levy and enforce a judgment. It also appears that McCutchan told the plaintiff, Rogers, the state of the title. There is evidence tending to show that the transfer to plaintiff by McCutchan was in the interest of the latter, who promised to protect the plaintiff in the transaction.

A close examination of this entire record discloses a very indefinite and unsatisfactory knowledge on the part of the plaintiff, Rogers, in reference to the property in controversy after November 1, 1928, when the quitclaim deed from McCutchan, trustee, to him was executed. After the said deed to Rogers, McCutchan put a roof on the property, about which Rogers seemed to know little or nothing. Rogers did not know the cost of the roof, and he did not know whether the cost thereof had been taken out of the rent, by McCutchan. He seemed to know little or nothing about the fact that a new furnace had been installed in the premises by McCutchan, or that McCutchan owed for the furnace.

The foregoing only illustrates the character of much of the evidence. To more fully refer thereto or to quote therefrom would be of no value to bench or bar. We are abundantly satisfied that the appellee, Rutherford, is entitled to the relief grant-

ed to her by the ruling of the lower court. It follows that the cause must be, and is,—*Affirmed*.

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.