MARGARET DORSEY HODGSON, Appellant, v. FRANK B. DORSEY, JR., et al., Appellees.

No. 45646.

JUNE 17, 1941.

REHEARING DENIED OCTOBER 17, 1941.

Hollingsworth & Hollingsworth, for appellant.

J. O. Boyd, for appellees.

WENNERSTRUM, J.—Maggie L. Dorsey and Frank B. Dorsey, Sr., were wife and husband. They had two children namely, Margaret Dorsey Hodgson, who is the plaintiff herein, and Frank B. Dorsey, Jr., who is one of the defendants. Maggie L. Dorsey died September 1, 1929 intestate; Frank B. Dorsey, Sr., died September 8, 1937 testate, but according to the record and the statements of interested counsel, intestate as to any real estate.

Litigation has arisen by reason of a deed given by Maggie L. Dorsey to her husband, Frank B. Dorsey, Sr., which was dated March 17, 1915 and which in part reads as follows:

"* * *, I, Maggie Dorsey, hereby sell and convey to Frank B. Dorsey, Sr., trustee, with power to encumber, sell and convey, alienate for reinvestment, or transfer this trust as in the discretion of the trustee may seem best, the following parcels of real estate, to-wit: [description of property], and I, the said Maggie Dorsey, warrant the title against all persons whomsoever. And I, Frank B. Dorsey, Sr., join in the execution of this deed as the husband of the grantor for the purpose of conveying my interest as spouse."

This deed was not filed for record until September 11, 1937.

On the same date as that of the giving of the deed previously referred to, Maggie L. Dorsey conveyed other real estate to Frank B. Dorsey, Sr., said property being the homestead of grantor and grantee. On December 6, 1930, Frank Blinn Dorsey, the grantee in the first deed heretofore referred to, executed a deed of conveyance as trustee to Frank Blinn Dorsey, Jr., this last deed covering a portion of the property described in the two deeds heretofore mentioned. In the deed of December 6, 1930, the grantor conveyed the property to Frank Blinn Dorsey, Jr., "in trust for the persons and purposes hereinafter named, * * *." In this last referred to deed there is found this further

statement. ''The purpose and intent of this conveyance is that the said Frank Blinn Dorsey, Jr., and his successors, in trust hereinafter provided for, shall hold said real estate for the benefit of my daughter, Margaret Dorsey, and for her alone, so long as she shall live, * * *.'' Further provisions were incorporated in the deed as to the rights and powers of Margaret Dorsey and also further expressions as to the rights, duties, and powers of the trustee.

The plaintiff brings an action for the partition of the real estate described in the two deeds mentioned and dated March 17, 1915 and to quiet the title thereto and for an accounting of rentals received. Her attack is particularly directed against the first deed. No especial complaint is made against the second deed of March 17, 1915 except that there was an abandonment of that deed as well as of the other deed and that there was no delivery of either deed.

In plaintiff's brief and argument it is contended that this first deed ''was never delivered, but if it was delivered it was an attempt to create a Trust Estate but which failed because no beneficiary was designated nor any of the terms of the trust set out in accordance with which a Court could determine the beneficiary or enforce the trust, and that in any event because thereof, this deed is a nullity and a cloud upon the title and the property would pass to the heirs of Maggie L. Dorsey at her death, vis: to each of her children and her husband in equal proportions and that upon her husband's death his interest would pass by inheritance to his two children, who would each thus become the fee title owner of a one-half (½) interest therein.''

The trial court held that the deeds which have been questioned were valid deeds of conveyance; that the plaintiff had failed to overcome the presumption of delivery by any competent evidence; that they conveyed absolute title and particularly so held as to the first deed wherein the grantee was designated ''Frank B. Dorsey, trustee.'' The trial court dismissed plaintiff's petition and the plaintiff has appealed.

The plaintiff asserts the trial court erred in holding that there was no intention on the part of the grantor of the first deed to create a trust, and in construing said deed to mean that

the grantor intended to vest a simple fee title in the grantee. The trial court in its written opinion in referring to the word "trustee" following the grantee's name in part stated:

"There is nothing else in the deed indicative of the grantor's purpose to pass the property in trust; neither has there been any competent evidence introduced to show the terms of the trust, and the beneficiary. * * *. I am therefore constrained to hold that the name of the grantee being followed by the word 'trustee' does not show an intention to create a trust. As no trust was created by the deed, the words 'transfer this trust' becomes surplusage. And as no competent evidence was introduced showing the terms of the trust, and the beneficiary, I find that the grantee, Frank B. Dorsey, Sr., took the property in his own right."

It is our judgment and conclusion that the trial court was correct in so holding. The plaintiff's particular attack is directed against the first deed heretofore set out and which was dated March 17, 1915. The plaintiff does not claim that this deed was not properly signed, executed, acknowledged, and recorded. She does assert, however, that there was no delivery.

It has been the universal holding of this court that where a deed has been signed, acknowledged and recorded, it is presumed to have been properly delivered and those who attack a deed assume the burden to overcome the presumption of delivery. Burch v. Nicholson, 157 Iowa 502, 137 N. W. 1066; Robertson v. Renshaw, 220 Iowa 572, 579, 261 N. W. 645, 648; Jones v. Betz, 203 Iowa 767, 210 N. W. 609, 213 N. W. 282; Kiser v. Morton Farm. Mut. Ins. Assn., 213 Iowa 18, 23, 237 N. W. 328; Tutt v. Smith, 201 Iowa 107, 110, 204 N. W. 294, 48 A. L. R. 394. There must be presented, evidence that is clear, convincing, and satisfactory to overcome the presumption of delivery.

In the case of Jones v. Betz, supra (at page 768 of 203 Iowa, page 609 of 210 N. W.), this court stated:

"It is too well settled to require citation of authorities that, to make a warranty deed effective, it must be delivered. It is also well settled that, where a deed is signed, acknowledged, and

recorded, it is presumed to have been properly delivered; but, of course, this presumption is a rebuttable one. [Citing cases.] Among the above cases, the Webb case and the Stiles case were cases where the deed was recorded after the death of the grantor. It is equally well settled in this state that the plaintiff has the burden of showing non-delivery by clear and satisfactory proof. * * *.''

Plaintiff appellant in this case has presented no competent evidence as to the nondelivery of the deed and consequently has not met the burden of proof by clear and satisfactory evidence.

 The designation of trustee after the name of the grantee necessitates consideration as to the effect of this designation and usage. It is the contention of the plaintiff that it should not be construed as *descriptio personae* but that it indicates an intention to create a trust. It is the further claim of the plaintiff that even though the first deed referred to did not in effect create a trust because of a failure to name a beneficiary and because of its indefiniteness the fee simple title would not vest in the grantee as an individual but would remain in the grantor. This question has not been particularly passed on heretofore by this court. However, in the case of Rogers v. Rutherford, 210 Iowa 1313, 1316, 232 N. W. 720, 721, this court in commenting upon a somewhat similar situation stated:

''* * *. There is no evidence whatever of any trust or agreement of trust, except in the use of the word 'trustee' in the documents and the somewhat conflicting statements of McCutchan as to who constituted the *cestui que trust. * * *.''*

In 65 C. J. 269, section 48, there is found this statement which pertains to a situation such as is under consideration in this case.

''* * *. The use of such words [trust, or trustee,] will not of itself be sufficient to create a trust, * * *.'' Citing Boskowitz v. Continental Ins. Co., 161 N. Y. S. 680, 175 App. Div. 18; Cartwright v. Moffett, 69 Or. 368, 136 P. 881, 138 P. 1076.

A situation of a somewhat similar character is further com-

mented upon in the case of Sansom v. Ayer & Lord Tie Co., 144 Ky. 555, 556, 139 S. W. 778, where it is stated:

"The weight of authority seems to be that where an instrument vests title in one as trustee without disclosing on the face of the instrument the nature of the trust, or the name of the cestui que trust, then the word 'trustee' is merely descriptive, and the ownership vests in the individual in fee." A statement and holding of this same character is found in Barker v. Temple Lumber Co., Tex. Civ. App., 12 S. W. 2d 175, 179, where it is stated:

"It does not contain words indicating any character for a trust or suggesting identity of a cestuis que, and the granting words are: 'Has granted, sold and conveyed and do by these presents grant, sell and convey unto the said J. H. Rogers, trustee.'"

Further in the opinion the court states: "In our opinion, in the circumstances by which the deed is now conditioned, use of the words 'trustee, etc.' must be regarded as *descriptio personae.*" See also Andrews v. Atlanta Real Estate Co., 92 Ga. 260, 18 S. E. 548.

Further study of the first deed of March 17, 1915 definitely bears out the contention that there is no beneficiary under what is claimed to be the trust created by that deed. It is our holding and conclusion that this did not create a trust. It will be observed that the deed gives the grantee the right "to encumber, sell and convey, alienate for reinvestment or transfer this trust as in the discretion of the trustee may seem best, * * *."

In the American Law Institute Restatement of the Law of Trusts, section 125, page 315, it is stated:

"If property is transferred to a person to be disposed of by him in any manner or to any person he may select, no trust is created and the transferee takes the property for his own benefit."

Further in the text where comment is made concerning the above statement, the rule above set forth is elaborated upon and the following explanation is made.

"No trust is created if the transferor does not manifest an intention to impose enforceable duties upon the transferee. His intention not to impose enforceable duties may be shown by the fact that he uses precatory rather than mandatory words. * * * ."

It is our conclusion that there was not an intention to create a trust herein by the deed in question and we so hold. It is our further holding that the grantee in the deed received the property conveyed unincumbered by any trust relationship and that there was no such indefiniteness as to cause us to say that the title remained in the original grantor.

The trial court found that there had been a proper accounting made prior to the hearing in the lower court and dismissed plaintiff's petition in its entirety. We have given consideration to the cases cited by appellant. After thorough consideration of all the questions involved it is our judgment and conclusion that the trial court was correct in its holding and it should be and it is affirmed.—Affirmed.

HALE, C. J., and all JUSTICES concur.