BOISE CASCADE CORPORATION, BUILDING MATERIALS DISTRIBUTION DIVISION, a Delaware corporation, Plaintiff and Respondent,

v.

STONEWOOD DEVELOPMENT CORPORATION, a Utah corporation, and Phillip Stephens, Ronald Bennett and Randy Christiansen, Defendants and Appellants.

No. 17849.

Supreme Court of Utah.

Sept. 17, 1982.

William B. Parsons, III, Salt Lake City, for defendants and appellants.

Robert D. Maack, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This case involves the furnishing of materials to the defendant Stonewood Development Corporation and was pursued in a multicount complaint, one of which was based on a standard printed guarantee agreement. The signators of the guarantee all signed as officers of Stonewood: "Phillip Stephens, President; Ronald Bennett, Vice President; Randy Christiansen, Secretary-Treasurer." Only Bennett appeals.

Appellant urges on appeal that he signed as a corporate representative—not as an individual; that summary judgment erroneously was entered in spite of an unresolved issue of fact; and that the judgment was entered upon pleadings and affidavits filed before he was served with process.

Appellant insists that because of his agency status he was not liable under the guarantee agreement which, he contends, was ambiguous as to liability.[1] The guarantee agreement clearly states that "in consideration of $1.00, the receipt whereof is hereby acknowledged, and in further consideration that Boise Cascade sell and deliv-

---

[1] We recently held that where it is not clear that a corporate officer signs a contract in a representative capacity, he is personally liable. *Anderson v. Gardner,* Utah, 647 P.2d 3 (1982).

er goods to Stonewood, [the] undersigned unconditionally promise and guarantee" any amount due and not paid.

 The main thrust of appellant's argument is based on his affidavit in response to Boise Cascade's motion for summary judgment. In his affidavit, appellant contends that when Stonewood owed the money and could not pay, appellant no longer was with Stonewood; and that he never received the $1.00 recited as consideration for the guarantee. The fact that appellant was no longer associated with Stonewood is of no consequence.[2] The fact that appellant was not the personal recipient of the $1.00 does not alter the fact of its having been given. In any event, the extension of credit by Boise Cascade to Stonewood was adequate consideration to support the guarantee agreement.[3] Neither contention precipitates a genuine issue of fact which would preclude the granting of a summary judgment under the provisions of Rule 56(c), Utah Rules of Civil Procedure.

The terms of the guarantee are clear and unambiguous, and need no parol evidence to clarify.[4] The terms are also understandable as to scope and intention of the parties, and are of a dispositive nature.[5] It clearly is not co-obligatory with the principal obligor, Stonewood, but a promise standing alone and apart.[6] The "V–Pres." following appellant's signature on the agreement is a matter of description (descriptio personae), not of capacity to bind a different principal obligor;[7] otherwise the liability would result in an absurdity, i.e., that the principal obligor also was the guarantor of his own obligation.

The facts in this case are without dispute. Stonewood admittedly was indebted to plaintiff. Appellant admittedly guaranteed its payment, and there are no coun-

ter-affidavits that lend any doubt as to the fact of personal, not representative, liability.

Affirmed with no costs awarded.

---

2. *Cessna Finance Corporation v. Meyer,* Utah, 575 P.2d 1048 (1978).

3. *Gelco IVM Leasing Company v. Alger,* 6 Wash.App. 519, 494 P.2d 501 (1972).

4. *Overson v. United States Fidelity and Guaranty Co.,* Utah, 587 P.2d 149 (1978).

5. *Oberhansly v. Earle,* Utah, 572 P.2d 1384 (1977).

6. *Kintner v. Wolfe,* 4 Ariz.App. 212, 419 P.2d 116 (1966).

7. *Ellis v. Stone,* 21 N.M. 730, 158 P. 480 (1916).