483 So.2d 526 (1986)
Dr. H.K. TERRY, Appellant,
v.
Daniel E. ZAFFRAN, Appellee.
No. 85-670.
District Court of Appeal of Florida, Fifth District.
February 20, 1986.
*527 Joseph O. Stroud, Jr., and John P. Cattano of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
Aldo Icardi, Winter Park, for appellee.
COWART, Judge.
Land was conveyed to Michael A. Taylor. The land was conveyed from "Michael A. Taylor, as trustee," to a grantee corporation by deed recorded June 11, 1981. To secure a loan grantee corporation, as mortgagor, executed a mortgage on said land to appellant, as mortgagee, which mortgage was recorded April 15, 1982. On December 20, 1982, appellee secured a judgment against Michael A. Taylor and became the grantee of a sheriff's deed issued pursuant to a levy on the land to satisfy the judgment. Appellee, as grantee under the sheriff's deed, filed an action to quiet title against appellant mortgagee and others. The trial court entered final summary judgment in favor of the grantee in the sheriff's deed, and against the mortgagee, on the basis that Michael A. Taylor held title as an individual, the deed from him "as trustee" was ineffectual to convey title to the corporation, the mortgage from corporation to appellant was invalid and, therefore, Michael A. Taylor held title to which the judgment lien attached.
The addition of the words "as trustee" to the name of the grantor Michael A. Taylor was merely "descriptio personae" of the person of the grantor and, as such, did not affect the validity of the conveyance of the interest held by the grantor nor did it limit the estate conveyed. In Florida today those words alone do not even charge a subsequent good faith purchaser or lender with the duty to inquire as to the rights of undisclosed trust beneficiaries and can be safely disregarded as surplusage.[1] Accordingly, Michael A. Taylor having effectively conveyed all of his interest in the land in question prior to the date of the judgment against him, that judgment never became a lien on the land previously owned and conveyed by the judgment debtor. Thus, the sheriff's deed was invalid and had no effect on the lien interest held by appellant as mortgagee.
The judgment in favor of appellee is reversed and the cause remanded with directions that judgment be entered, as a matter of law, in favor of appellant.
REVERSED and REMANDED.
ORFINGER and SCHWARTZ, JJ., concur.
NOTES
[1] Even if the conveyance to Michael A. Taylor had described him as trustee, by virtue of section 689.07, Florida Statutes, the result would be the same. See, e.g., Manufacturers' Leasing, Ltd. v. Florida Development and Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976).