2003 UT App 70

**TWN, INC., a Utah corporation, Plaintiff and Appellee,**

v.

**Uwe MICHEL, an individual; and Ullrich Michel, an individual, Defendants and Appellants.**

No. 20010999–CA.

Court of Appeals of Utah.

March 13, 2003.

Bruce J. Nelson, Nelson, Rasmussen & Christensen, Salt Lake City, for Appellants.

Vincent C. Rampton and Ross I. Romero, Jones, Waldo, Holbrook & McDonough, Salt Lake City, for Appellee.

Before JACKSON, P.J., and GREENWOOD, and ORME, JJ.

OPINION

ORME, Judge:

¶ 1 This appeal involves an action to quiet title to an eighty-three acre parcel of land that lies along the border between Utah County and Salt Lake County. It turns on the sudden appearance in a chain of title of

the term "trustee." We reverse the trial court's grant of summary judgment and remand.

## BACKGROUND

¶ 2 As of 1984, Zions Bank was the record owner of the parcel at issue in this case. However, Zions Bank became delinquent in paying its property taxes on the land, so Utah County sold the parcel at a tax sale in 1984.[1] Richard Christenson purchased the property at the sale, and accordingly he received title to the parcel. The grantee on the deed was listed as "Richard Christenson."

¶ 3 In 1985, without any intervening transaction appearing of record, Mr. Christenson executed a quitclaim deed to the parcel to Zions Bank, which reimbursed him the amount he paid at the tax sale. The grantor was identified on that deed as "Richard A. Christenson, Trustee." Zions Bank sold the land to Franklin Financial, a corporation that was wholly owned by Mr. Christenson, in 1986. Zions Bank financed this sale, and when Franklin Financial defaulted on its mortgage payments, Zions Bank held a foreclosure sale on the land. Defendants were the high bidders at the foreclosure sale, which took place in 1993, and received an appropriate deed in due course.

¶ 4 However, in 1998, Mr. Christenson executed another quitclaim deed for the parcel, this time to Plaintiff. The grantor named on this deed was "Richard A. Christenson."

¶ 5 In 1999, Plaintiff brought this action to quiet title on the parcel. Both sides moved for summary judgment, and the trial court granted it in Plaintiff's favor. The trial court's order does not explain the rationale underlying its decision. However, the par-ties agree that its rationale was that because the 1985 deed to Zions Bank was signed "Richard A. Christenson, *Trustee*" (emphasis added), the deed did not convey Mr. Christenson's *personal* interest in the property, which was the interest he had acquired at the 1984 tax sale. Rather, as a matter of law the 1985 deed conveyed only whatever interest Mr. Christenson held on behalf of an unnamed trust, which was apparently nothing.[2] Defendants now appeal the grant of summary judgment.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 6 "Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Because entitlement to summary judgment is a question of law, we accord no deference to the trial court's resolution of the legal issues presented." *Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 266 (Utah 1995) (citations omitted). Thus, "[o]ur inquiry on review of a summary judgment is similar to the inquiry conducted by the trial court: are there material issues of fact to be litigated, and did the trial court correctly apply the governing law?" *Spor v. Crested Butte Silver Mining, Inc.*, 740 P.2d 1304, 1308 (Utah 1987).

¶ 7 To determine whether "the trial court correctly appl[ied] the governing law" in this case, *id.*, we must answer the following question: Does a grantor's unexplained placing of the word "trustee" next to his or her name on a real property deed result, as a matter of law, in a conveyance of only a trust interest? As explained below, we answer that question in the negative.[3]

---

1. Utah County sold the entire parcel, even the portion in Salt Lake County, because at the time of the sale, it was thought the entire parcel was within Utah County. Not until approximately 1995, when a new survey was conducted, was it discovered that part of the parcel was actually in Salt Lake County.

2. At oral argument both sides agreed that Mr. Christenson likely did not actually hold any interest in the property on behalf of a trust. No explanation was offered as to why Mr. Christenson would cause a corporation he owned to acquire title to the property from Zions Bank for a considerable sum if he believed Zions had actually bought nothing from him and thus had nothing to convey to the corporation.

3. Lest the reader be tempted to view this as a "notice" case, wherein a subsequent bona fide purchaser for value takes title if they record their deed first, *see* Utah Code Ann. § 57–3–103 (2000), we clarify that such an issue is not present in this case. The disagreement in this case concerns what interest the 1985 deed conveyed— Mr. Christenson's entire interest or only his

## ANALYSIS

■ ¶ 8 Although Defendants argue in general terms that the unexplained appearance of the word "trustee" creates ambiguity on the face of the deed from Mr. Christenson to Zions Bank, the thrust of their argument brings them within the doctrine known as *"descriptio personae."* This term is defined as "the use of a word or phrase merely to identify or point out the person intended and not as an intimation that the language in connection with which it occurs is to apply to him only in the technical character which might appear to be indicated by the word." *Dann v. Team Bank*, 788 S.W.2d 182, 184 (Tex.App.1990). *See also Sebastian Int'l, Inc. v. Peck*, 195 Cal.App.3d 803, 240 Cal. Rptr. 911, 913 (1987) (" ' "Where a writing in the nature of a contract is signed by a person, and contains apt words to bind him personally, the fact that to such signature is added such words as 'trustee,' 'agent,' 'treasurer,' 'president,' and the like does not change the character of the person so signing, but is considered as merely descriptive of him." ' ") (quoting *Ricker v. B–W Acceptance Corp.*, 349 F.2d 892, 894 (10th Cir.1965) (quoting *Ellis v. Stone*, 21 N.M. 730, 158 P. 480, 483 (1916))); *Klutts Resort Realty, Inc. v. Down'Round Dev. Corp.*, 268 S.C. 80, 232 S.E.2d 20, 24 (1977) (defining *"descriptio personae"* as "a term descriptive of the person rather than the relationship in which he signs the agreement"); 14 Richard R. Powell, Powell on Real Property § 81A.04[1][a][iv][E], at 81A–42 (Michael Allan Wolf ed., 2002) (describing *"descriptio personae"* as "[c]ertain terms sometimes added to a person's name [that] are merely descriptive matter intended to clarify the identity of the person, but ... their use or non-use should generally play no part in the validity of the conveyance").

¶ 9 The Utah Supreme Court validated the *descriptio personae* concept for Utah courts in *Boise Cascade Corp. v. Stonewood Development Corp.*, 655 P.2d 668 (Utah 1982). In that case, a Stonewood corporate officer who had signed a loan guaranty agreement as "Vice President" sought to absolve himself of personal liability on the guaranty agreement. He claimed that since he had written the words "Vice President" next to his signature on the agreement, his signature was in a representative capacity and bound only the corporation and not him personally. The trial court disagreed and granted summary judgment to the creditor, and the Utah Supreme Court affirmed. The Court held:

> The "V–Pres." following [the officer's] signature on the agreement is a matter of description (descriptio personae), not of capacity to bind a different principal obligor.... Stonewood admittedly was indebted to Plaintiff. [The officer] admittedly guaranteed its payment, and there are no counter-affidavits that lend any doubt as to the fact of personal, not representative, liability.

*Id.* at 669. *Accord Appliance & Heating Supply, Inc. v. Telaroli*, 682 P.2d 867, 868 & n. 1 (Utah 1984). Utah courts have held similarly on other occasions as well. *See, e.g., Proctor v. Insurance Co.*, 714 P.2d 1156, 1158 (Utah 1986) (holding that an accident insurance company properly paid decedent's second wife rather than his first wife because even though the second marriage was illegal, the " 'designation [in the insurance policy] as the wife of insured is descriptive only, and it is immaterial whether or not she is ... his lawful wife' ") (quoting 46 C.J.S. *Insurance* § 1160 (1946), which is updated with slightly different language at 46A C.J.S. *Insurance* § 1419 (1993)); *Travelers Ins. Co. v. Lewis*, 531 P.2d 484, 485–86 (Utah 1975) (holding that a father's divorce-decree mandate to name his "three minor children" as contingent beneficiaries in a life insurance policy did not expire when the children reached adulthood because the "minor children" designation "was merely descriptive of their status at the time [and] was not meant to make them contingent beneficiaries only during their minority"); *Southwick v. Leone (In re Estate of Leone )*, 860 P.2d 973, 976 (Utah Ct.App.1993) (holding that language identifying the beneficiary of a pay-on-death account as the "spouse of the protected person" did

---

"trustee" interest. No one disputes that Defendants, who are the successors in interest to the first purchaser (Zions Bank) and who properly recorded their deed, are the rightful owners of whatever interest the 1985 deed conveyed.

not create a condition precedent that the spouse remain married; rather, the phrase was "merely a non-restrictive adjective phrase meant to identify the individual").

■ ¶ 10 It has long been recognized that the concept of *descriptio personae* applies to the identification of parties on real property deeds. *See, e.g., Molina v. Ramirez,* 15 Ariz. 249, 138 P. 17, 19 (1914) ("The description of the grantor as the 'administratrix[ ]' ... may be treated as descriptio personam, and of no effect. She acted, so far as her interest in the property was concerned, in her individual capacity when she executed the deed."); *Hodgson v. Dorsey,* 230 Iowa 730, 298 N.W. 895, 896–98 (Iowa 1941) (holding that the word "trustee" next to a grantee's name on a deed was *descriptio personae* and citing various cases that held similarly); *Owen v. Ellis,* 64 Mo. 77, 88 (1876) (holding that the word "executrix" appearing next to the grantor's name was "mere *descriptio personae,* mere surplusage, and the conveyance would operate as well without [it] as with [it]").

■ ¶ 11 As for the question of whether the unexplained placement of the word "trustee" on a real property deed may rightly be categorized as *descriptio personae,* almost every court that has addressed this issue has addressed it in the context of the word appearing next to the grantee's name, not the grantor's name as in our case. *See, e.g., Hodgson,* 298 N.W. at 895; *Gammarino v. Hamilton County Bd. of Revision,* 84 Ohio St.3d 155, 702 N.E.2d 415, 416 (1998) (per curiam). Therefore, the question that most courts have confronted is whether the deed created a trust and vested title in the grantee only as a trustee or whether it vested title in the grantee personally. Such courts have almost universally held that the word "trustee," absent other circumstances, does not create a trust, but rather constitutes *descriptio personae* and conveys title to the grantee personally. *See, e.g., Hodgson,* 298 N.W. at 896–98; *Gammarino,* 702 N.E.2d at 417–18 (relying partially on state statutory law but also on case law). *See also* Powell, *supra,* § 81A.04[1][a][iv][F], at 81A–42 ("Most often the incidental and unexplained use of such terms as 'trustee' or 'agent' is ... considered to be merely *descriptio personae* and is insufficient to establish or create a trust or

agency."). *But see Neeley v. Intercity Mgmt. Corp.,* 623 S.W.2d 942, 948 (Tex.App. 1981) (holding that a deed created a trust, in part because the property was conveyed to a named trustee but also because multiple extraneous factors so suggested).

■ ¶ 12 The case at hand is slightly different from the opinions just cited because in our case it is the grantor, not the grantee, who is designated as "trustee." However, this distinction is immaterial. We see no logic in categorizing as *descriptio personae* the word "trustee" if it follows a grantee's name but giving the word enforceable meaning if it follows a grantor's name. Regardless of whose name the word follows, the principle must be the same: The unexplained use of the word "trustee" on a real property deed does not, absent other circumstances suggesting the creation or existence of a trust, create a trust or implicate only a trust interest. Therefore, in both contexts, the deed should be read and interpreted as if the word "trustee" were not there.

¶ 13 Florida's Fifth District Court of Appeal, the only court of which we are aware that has recently faced the precise issue that we face today, came to the same conclusion. In *Terry v. Zaffran,* 483 So.2d 526 (Fla.Dist. Ct.App.), *review denied,* 492 So.2d 1336 (Fla. 1986), a property owner named Michael A. Taylor conveyed a parcel of land, signing the deed "Michael A. Taylor, as trustee." *Id.* at 527. Title to the parcel followed a chain subsequent to that deed, and the land was eventually mortgaged to appellant. Some months later, appellee obtained a judgment against Taylor. Appellee then "became the grantee of a sheriff's deed issued pursuant to a levy on the land to satisfy the judgment." *Id.* When appellee brought an action against appellant, the mortgagee, to quiet title to the property, the trial court ruled in appellee's favor, holding that since "Michael A. Taylor held title as an individual, the deed from him 'as trustee' was ineffectual to convey title to the [first purchaser]." *Id.* Thus, the trial court held that Taylor's personal interest in the property remained with him until appellee took it by virtue of the sheriff's deed. *See id.* Predictably, the appellate court reversed and held as follows:

The addition of the words "as trustee" to the name of the grantor Michael A. Taylor

was merely "descriptio personae" of the person of the grantor and, as such, did not affect the validity of the conveyance of the interest held by the grantor nor did it limit the estate conveyed. In Florida today those words alone do not even charge a subsequent good faith purchaser or lender with the duty to inquire as to the rights of undisclosed trust beneficiaries and can be safely disregarded as surplusage. Accordingly, Michael A. Taylor having effectively conveyed all of his interest in the land in question prior to the date of the judgment against him, that judgment never became a lien on the land previously owned and conveyed by the judgment debtor. Thus, the sheriff's deed was invalid and had no effect on the lien interest held by appellant as mortgagee.

*Id.* (footnote omitted).

¶ 14 Finally, we note that Utah Code Ann. § 75–7–402(5) (1993) authorizes a trustee to dispose of trust property "in the name of the trustee as trustee." [4] In fact, that is exactly what Plaintiff claims occurred in the present case. However, we hold that a trustee's intent to do so must be made clearer than simply placing the unadorned word "trustee" after his or her name. [5] A trustee-grantor should include on the deed such language as "in my capacity as trustee for the XYZ trust." [6] Alternatively, as the Utah Su-

preme Court suggested in *Boise Cascade Corp.*, a party may resort to extrinsic evidence to show that a trust was, in fact, intended. *See* 655 P.2d at 669 (suggesting that a counter-affidavit could have rebutted the presumption of *descriptio personae* and shown that the descriptive language was intended to bind the person in his representative capacity rather than in his individual capacity). Otherwise, the presumption of *descriptio personae* will apply, and the deed will operate as if the word "trustee" were not there.

## CONCLUSION

¶ 15 We hold that the word "trustee" appearing next to Mr. Christenson's name on the 1985 deed to Zions Bank was not sufficient, by itself, to restrict the conveyance only to whatever interest Mr. Christenson held in trust. Therefore, we reverse the trial court's grant of summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.[7]

¶ 16 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and PAMELA T. GREENWOOD, Judge.

---

4. Although this subsection was not enacted until 1992, *see* Utah Code Ann. § 75–7–402 amendment notes (1993), it is relevant to our decision today regarding the 1985 deed that Mr. Christenson conveyed to Zions Bank. The subsection specifies that it "applies to a trustee's exercise of trust powers both prior to and after the effective date of this subsection." Utah Code Ann. § 75–7–402(5) (1993).

5. Utah Code Ann. § 75–7–409(2) (Supp.2002) provides: "If the terms of the trust are not made public [in a grant of real property to a person as trustee], a conveyance from the trustee is absolute in favor of purchasers for value who take the property without notice of the terms of the trust." That statute is not directly applicable to the present case because this case does not involve the situation anticipated by the statute, i.e., that "title to real property is granted to a person as trustee." *Id.* § 75–7–409(1). Even so, our decision today is consistent with the statute's spirit: When parties wish to convey a trust interest, as opposed to a personal interest, they must be explicit and forthcoming about this intention if they hope to attain it.

6. This phrase is intended only as an example of language that would be effective. We have no intention of resurrecting the long-deceased requirement that certain, precise phrases must appear on a deed to convey a particular interest. *See* Utah Code Ann. § 57–1–2 (2000) ("The term 'heirs,' or other technical words of inheritance or succession, are not requisite to transfer a fee in real estate."); *Haynes v. Hunt,* 96 Utah 348, 354, 85 P.2d 861, 864 (1939) ("We are not interested in the use of terms but we are in concepts, relationships and legal rights which for convenience are often described by the use of legal names or expressions.").

7. In addition to their principal argument in this case, Defendants argue that we should deem Utah County's 1984 tax sale void *ab initio* because, as it was discovered in about 1995, part of the parcel is in Salt Lake County. *See* note 1, *supra.* Given our decision, we need not address this argument.