MARITAL TRUST UNDER THE WILL OF CASTO, APPELLANT, *v.* LUNGARO ET AL., APPELLEES.

[Cite as Marital Trust of Casto *v.* Lungaro (1986), 22 Ohio St. 3d 298.]

(No. 85-678—Decided March 19, 1986.)

*Stein, Trapp & Assoc. Co., L.P.A.,* and *Stanley E. Stein,* for appellant.
*Weston, Hurd, Fallon, Paisley & Howley, Jason C. Blackford* and *Warren Rosman,* for appellees.

WRIGHT, J. This cause raises the issue of whether an equitable interest created by an oral trust in real property is enforceable as having priority over the interest of a judgment creditor of the trustee. This court need not decide whether such a trust exists in this particular case. Instead, we must determine whether R.C. 5301.03 prevents the enforcement of such a prior interest against a judgment creditor. R.C. 5301.03 provides:

" 'Trustees,' 'as trustee,' or 'agent,' or words of similar import, following the name of the grantee of any deed of conveyance or mortgage of land executed and recorded, without other language showing a trust or

expressly limiting the grantee's or mortgagee's powers, or for whose benefit the same is made, or other recorded instrument showing such trust and its terms, do not give notice to or put upon inquiry any person dealing with said land that a trust or agency exists, or that there are beneficiaries of said conveyance or mortgage other than the grantee and those persons disclosed by the record, or that there are any limitations on the power of the grantee to convey or mortgage said land, or to assign or release any mortgage held by such grantee. As to all subsequent bona fide purchasers, mortgagees, lessees, and assignees for value, a conveyance, mortgage, assignment, or release of mortgage by such grantee, whether or not his name is followed by 'trustee,' 'as trustee,' 'agent,' or words of similar import, conveys a title or lien free from the claims of any undisclosed beneficiaries, and free from any obligation on the part of any purchaser, mortgagee, lessee, or assignee to see to the application of any purchase money. This section does not apply to suits brought prior to July 16, 1927, in which any such deeds of conveyance, leases, or mortgages are called in question, or in which the rights of any beneficiaries in the lands described therein are involved. This section does not prevent the original grantor, trustor, undisclosed beneficiary, or any one claiming under them, from bringing suits other than suits affecting land which is the subject of such conveyance or mortgage."

The court of appeals correctly determined that R.C. 5301.03 is a notice statute. It provides that certain language in a deed or mortgage which purports to create an equitable interest will not be sufficient to notify other parties of limitations on the grantee's or mortgagee's powers. Noncompliance with the statute does not defeat the creation of an equitable interest; it simply prevents enforcement of that interest against the particular parties named in the statute. Those parties include "* * * bona fide purchasers, mortgagees, lessees, and assignees for value * * *," but *not* judgment creditors. The persons named in the statute have obtained an interest in the land itself. In contrast, a general judgment creditor such as the Marital Trust has no specific interest in the land but only an interest against a person. The language of R.C. 5301.03 does not prevent the owner of an equitable interest created by an oral trust in real property from asserting a prior interest in that property against a judgment creditor of the trustee.

The judgment of the court of appeals is affirmed and this cause is remanded to the trial court for determination of whether McNeely does, in fact, have an equitable interest in the Woodland Drive property and, if so, the nature and extent of that interest.

*Judgment affirmed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.