BANK ONE OF MILFORD, N.A., ET AL.; INDIANA GRAIN QUEEN CITY ELEVATOR, APPELLEE, *v.* BARDES ET AL., APPELLANTS.

[Cite as Bank One of Milford *v.* Bardes (1986), 25 Ohio St. 3d 296.]

(No. 85-1584—Decided August 13, 1986.)

*David M. Fingerman* and *Drew S. Diehl,* for appellee.

*O'Connor, Accani & Associates* and *Michael P. O'Connor,* for appellants.

*Per Curiam.* In two related propositions of law, appellants urge that the failure to record a trust instrument does not, by virtue of R.C. 5301.03, operate to divest a trustee of his interest in real estate, and that R.C. 5301.03 is a notice statute which does not protect judgment creditors who have not relied upon the existence and/or ownership of the subject real estate in the extension of credit. We agree.

In *Marital Trust of Casto* v. *Lungaro* (1986), 22 Ohio St. 3d 298, syllabus, we held that "R.C. 5301.03 does not prevent the owner of an equitable interest created by an oral trust in real property from asserting a prior interest in that property against a judgment creditor of the trustee." As here, *Casto* involved the interest asserted by a judgment creditor of the trustee as an individual, and not in his capacity as trustee. As here, in *Casto,* no trust instruments had been recorded; indeed, the alleged trust in *Casto* was oral.

In *Casto,* we observed at 300 that "* * * R.C. 5301.03 is a notice statute. It provides that certain language in a deed or mortgage which purports to create an equitable interest will not be sufficient to notify other parties of limitations on the grantee's or mortgagee's powers. Noncompliance with the statute does not defeat the creation of an equitable in-

terest; it simply prevents enforcement of that interest against the parties named in the statute. Those parties include '* * * bona fide purchasers, mortgagees, lessees, and assignees for value * * *,' but *not* judgment creditors." (Emphasis *sic*.) That language applies equally here. The only arguable difference between *Casto* and the instant case is that in *Casto,* the purported trustee had not recorded any transfer to himself as trustee, whereas here, Bardes has recorded a deed in which he is so designated. But that factual distinction does not, in our view, cause judgment creditors to somehow come within the purview of the protections extended by R.C. 5301.03.

We hasten to note, however, that our characterization of R.C. 5301.03 does not end the appropriate inquiry. Having erroneously found that R.C. 5301.03 was dispositive of the cause, the trial court stated: "The second theory advanced by the plaintiffs is that the alleged trust was never created and, therefore, the court should render a decision in their favor. Although the court has some questions as to whether or not the defendant did create a trust under the laws of the State of Ohio, the court does not feel the need to make that determination as it applies to the farms in question in Brown County, Ohio." Thus, the validity of the alleged trust at issue in this case has not yet been determined.

Accordingly, we reverse the judgment of the court of appeals, and remand the cause to the trial court for determination of whether Bardes does, in fact, have an enforceable equitable interest in the subject real estate and, if so, the nature and extent of that interest.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and WRIGHT, JJ., concur.

HOLMES and WRIGHT, JJ., concur separately.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., concurring. I concur with the reasoned opinion of the majority that R.C. 5301.03 is inapplicable to the circumstances before us. The easily ascertained purpose of the statute is to provide notice of the existence of a trust to "all *subsequent* bona fide purchasers, mortgagees, lessees, and assignees for value, a conveyance, mortgage, assignment, or release of mortgage by such grantee * * *." (Emphasis added.)

The evil guarded against by R.C. 5301.03 is that of the undisclosed, equitable interest held by one who is not the grantee of the legal interest. The use of such legal interest as security might otherwise work mischief to one with no knowledge of the hidden interest of another.

The creditors in the present case are judgment creditors, which judgments are based on debts *in personam*. None of the transactions between the parties utilized the property in question as security for the obligation. The judgment creditors do not, and cannot, complain that they were misled as to the existence of the alleged trust. Consequently, their need to demonstrate that the property is not the subject (res) of a trust is entirely unrelated to the notice provisions of R.C. 5301.03.

I would add, however, that there is no issue for determination as to whether a trust was created by appellant Bardes' activities. A cursory review of the record demonstrates that no such trust could have been successfully created. The law has always viewed with suspicion the claim by a debtor of the existence of a trust when such debtor is both the holder of the equitable interest and the holder of all legal rights. See, *e.g.,* R.C. 1335.01(A).[1]

In the present case, appellant reserved to himself a "life estate" by various letters to his children which, while demonstrating his feelings at the time, do not qualify as trust instruments. Such reservation was furthermore in conflict with the deed, which granted a full fee simple to appellant as trustee. Also the finding of the court below, which is undisputed, is that appellant operated the farm property as if he owned it in fee simple, *i.e.,* not to the present benefit of anyone else. Further, he did not inform any of the mortgagees that he had made such property the subject matter of a trust; and he listed the property as a personal asset on later financial statements and not as either subject to life estate or trust restrictions. Appellant, in all the time he allegedly held as trustee, never filed a separate tax return on behalf of the trust nor were any separate bank accounts maintained. Therefore, no trust formalities were ever complied with.

Most importantly of all, it is clear from the above that appellant wanted complete control of the farm property during his lifetime and that the trust should begin upon his death. Such manifestation of testamentary intent may only be effectuated through a testamentary instrument, with attendant formalities, none of which are present in the case *sub judice*. This also demonstrates a lack of the required present intent to create a trust.

---

[1] R.C. 1335.01(A) provides:

"All deeds of gifts and conveyances of real or personal property *made in trust for the exclusive use of the person making the same are void,* but the creator of a trust may reserve to himself any use of power, beneficial or in trust, which he might lawfully grant to another, including the power to alter, amend, or revoke such trust, and such trust is valid as to all persons, *except that any beneficial interest reserved to such creator may be reached by the creditors of such creator,* and except that where the creator of such trust reserves to himself for his own benefit a *power of revocation,* a court, at the suit of any creditor of the creator, may compel the exercise of such power of revocation so reserved, to the same extent and under the same conditions that such creator could have exercised the same." (Emphasis added.)

Finally, the fact that appellant maintained the power to revoke any and all interests in the property, and to assign the same to others, renders the property subject to the claims of creditors. For even if a valid trust had been created, R.C. 1335.01 provides full authority to compel appellant to exercise such reserved powers in favor of creditors. See fn. 1.

WRIGHT, J., concurs in the foregoing concurring opinion.