MAHONING COUNTY BAR ASSOCIATION *v.* ALEXANDER.

[Cite as *Mahoning Cty. Bar Assn. v. Alexander*
(1997), 79 Ohio St.3d 1220.]

(No. DD–100—Submitted June 10, 1997—Decided July 11, 1997.)

IT IS ORDERED that respondent be and he hereby is fined $250.

IT IS FURTHER ORDERED that respondent shall pay the fine on or before ninety days from the date of this order by certified check or money order payable to the Clerk of the Supreme Court of Ohio.

IT IS FURTHER ORDERED that if this fine is not paid on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue on the unpaid fine, and this court may take further action against respondent.

Costs taxed to respondent.

MOYER, C.J., RESNICK and F.E. SWEENEY, JJ., concur.

COOK, J., concurs in judgment only.

DOUGLAS, PFEIFER and LUNDBERG STRATTON, JJ., dissent.

DOUGLAS, J., dissenting. The judgment of the majority reminds me of the adage that to solve a problem, never use a feather when a two-by-four will do. The respondent appeared before us and made a plausible argument that (1) he created and funded the trust and (2) he was the sole beneficiary of the trust until his death or termination of the trust. Thus, says respondent, he was, in effect, representing himself. No citation of authority is needed for the proposition that a citizen (even a disbarred citizen) may appear in court *pro se.*

Even accepting, however, that respondent had no authority to appear in the underlying matter *pro se,* respondent assured us that this was his only activity with regard to "practicing law" and there have been no and would not be any repeat performances. I take respondent at his word.

At the most, I would find respondent in contempt, issue an order to cease and desist, and terminate this case. Because the majority does not do so, I respectfully dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.

LUNDBERG STRATTON, J., dissenting. I respectfully dissent and would dismiss the motion and not assess costs.