[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 1220.]

MAHONING COUNTY BAR ASSOCIATION *v.* ALEXANDER.

[Cite as *Mahoning Cty. Bar Assn. v. Alexander*, 1997-Ohio-1.]

(No. DD-100—Submitted June 10, 1997—Decided July 11, 1997.)

———————————

{¶ 1} A motion of the relator Mahoning County Bar Association alleged that on April 8, 1970, respondent, George M. Alexander of Youngstown, Ohio, was disbarred from the practice of law in Ohio. *Mahoning Cty. Bar Assn. v. Alexander* (1970), 22 Ohio St.2d 22, 51 O.O.2d 40, 257 N.E.2d 369. The entry relating to that order required respondent "to cease and desist from the practice of law in any form" and required that "his name be stricken from the roll of attorneys maintained by this Court." The motion further alleged that on December 14, 1995, while disbarred, respondent filed a complaint in the Mahoning County Court of Common Pleas on behalf of a trust of which he was trustee. After he failed to respond to our April 1, 1997 show cause order, we found respondent in contempt, and he appeared before this court on June 10, 1997.

{¶ 2} Based upon the uncontroverted evidence, we find that by instituting legal proceedings and by appearing in court *pro se* as trustee for a trust, respondent in this capacity represented the interests of the trust (a separate legal entity), and of other persons, and, thus, engaged in the practice of law. *In re Ellis* (1971), 53 Haw. 23, 29, 487 P.2d 286, 290; *Back Acres Pure Trust v. Fahnlander* (1989), 233 Neb. 28, 29, 443 N.W.2d 604, 605. We therefore find that respondent is in contempt of the disbarment order of this court dated April 8, 1970. Not at issue before us are respondent's other activities, such as administering the trust instrument and investing the trust's assets.

{¶ 3} IT IS ORDERED that respondent be and he hereby is fined $250.

**{¶ 4}** IT IS FURTHER ORDERED that respondent shall pay the fine on or before ninety days from the date of this order by certified check or money order payable to the Clerk of the Supreme Court of Ohio.

**{¶ 5}** IT IS FURTHER ORDERED that if this fine is not paid on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue on the unpaid fine, and this court may take further action against respondent.

**{¶ 6}** Costs taxed to respondent.

MOYER, C.J., RESNICK and F.E. SWEENEY, JJ., concur.

COOK, J., concurs in judgment only.

DOUGLAS, PFEIFER and LUNDERG STRATTON, JJ., dissent.

_____

**DOUGLAS, J., dissenting.**

**{¶ 7}** The judgment of the majority reminds me of the adage that to solve a problem, never use a feather when a two-by-four will do. The respondent appeared before us and made a plausible argument that (1) he created and funded the trust and (2) he was the sole beneficiary of the trust until his death or termination of the trust. Thus, says respondent, he was, in effect, representing himself. No citation of authority is needed for the proposition that a citizen (even a disbarred citizen) may appear in court *pro se.*

**{¶ 8}** Even accepting, however, that respondent had no authority to appear in the underlying matter *pro se*, respondent assured us that this was his only activity with regard to "practicing law" and there have been no and would not be any repeat performances. I take respondent at his word.

**{¶ 9}** At the most, I would find respondent in contempt, issue an order to cease and desist, and terminate this case. Because the majority does not do so, I respectfully dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 10} I respectfully dissent and would dismiss the motion and not assess costs.

_____