OPINION
Defendants Plaza East, Inc. ("Plaza East") and K L Partnership ("K L") appeal[1] from an order of the Franklin County Court of Common Pleas which granted summary judgment in favor of plaintiff, Bank One, Columbus, N.A. ("Bank One").
Although the instant case involves simply the foreclosure of a judgment lien, a review of the history of events leading up to the present action is in order. In the late 1980's, the Central Trust Company ("Central Trust") agreed to finance a Union County real estate development planned by defendant Michael J. Young and his partner. After Young and his partner defaulted on the loan, Central Trust, on February 15, 1990, filed a foreclosure action in the Union County Court of Common Pleas. One day after service of the complaint, Plaza East was incorporated with Young as the sole shareholder; Young then transferred two parcels of real estate located in Franklin County, Ohio to Plaza East. Prior to the transfer, one of the parcels was titled in the name of Michael J. Young; the other was titled in the name of Michael J. Young, Trustee. On November 8, 1990, the Union County court entered judgment in favor of Central Trust. On January 4, 1991, a sheriff's sale was held, and the property that was the subject of the Union County action was sold. Central Trust was the successful bidder on the property. The amount realized from the sale was credited to the judgment.
In an effort to collect the balance of the Union County judgment, Central Trust, pursuant to R.C. 2329.02, caused the clerk of the Union County Court of Common Pleas to certify the judgment from the Union County action to the Franklin County Court of Common Pleas. On November 19, 1990, the clerk of the Franklin County Court of Common Pleas filed the certificate of judgment lien against all real property owned by Michael J. Young in Franklin County.
In September 1991, the Columbus and Newark, Ohio operations of Central Trust were merged into Bank One. As a result of the merger, Bank One acquired the assets of Central Trust, including the Union County judgment. Thus, Bank One is the successor-in-interest in this matter.
On June 25, 1993, Bank One brought suit in the Franklin County Court of Common Pleas against Young and Plaza East on a claim of fraudulent conveyance regarding the two Franklin County parcels. On January 9, 1997, the trial court filed a judgment entry finding that the two parcels of real estate were fraudulently conveyed from Young to Plaza East. The court declared the transfers void ab initio and ordered that title to the parcels be revested in their original names, i.e., one parcel in the name Michael J. Young and the other in the name Michael J. Young, Trustee. The court further found that the judgment lien filed by Central Trust was valid and related back to the date of the original filing on November 19, 1990. This court upheld the trial court's judgment and order. Bank One, Columbus, N.A. v.Plaza East, Inc. (Nov. 10, 1997), Franklin App. No. 97APE02-184, unreported (1997 Opinions 4564).
During the pendency of Bank One's fraudulent conveyance action, K L purchased one of the two Franklin County parcels at the Franklin County Auditor's forfeited land sale conducted on February 27, 1995. Thereafter, on April 25, 1995, K L recorded a deed for the property.
On February 18, 1997, Bank One filed the instant action against Young, Plaza East, K L and several other defendants that possess or claim to possess an interest in the two Franklin County parcels, seeking to foreclose the judgment lien placed against the two real estate parcels.
On April 6, 1998, Bank One filed a motion for summary judgment supported by the affidavit of Trent Millison, Assistant Vice President of Bank One's Managed Assets Division. In his affidavit, Millison averred that as of February 24, 1998, there remained a substantial balance on the Union County judgment. Attached as exhibits to and referenced within the affidavit were copies of the aforementioned court rulings and pleadings filed by Central Trust or Bank One in an effort to foreclose the Union County mortgage and to collect on the deficiency judgment obtained from the Union County Court of Common Pleas.
Bank One argued in its motion for summary judgment that the Franklin County Court of Common Pleas' January 9, 1997 judgment established that Bank One possessed a valid judgment lien relating back to its original filing on November 19, 1990 against the two parcels of real estate that are the subject of Bank One's foreclosure action. Bank One further argued that because Young had not paid the judgment debt and because K L's purchase of one of the parcels via the 1995 forfeiture sale was subject to Bank One's lien, Bank One was entitled to judgment as a matter of law on its action for foreclosure of its judgment lien.
On April 27, 1998, Plaza East filed a memorandum in opposition to Bank One's motion for summary judgment. The memorandum in opposition was supported by the affidavit of Michael J. Young, who attested that one of the properties on which Bank One sought foreclosure was deeded to Michael J. Young, Trustee and held as part of a trust for the benefit of his son and family members. Plaza East argued that summary judgment was inappropriate in that genuine issues of material fact existed with respect to whether property titled to Michael J. Young, Trustee may be sold at a foreclosure to satisfy the personal debts of Michael J. Young when Bank One's complaint contained no allegations against Michael J. Young, Trustee.
On May 4, 1998, K L filed a memorandum contra Bank One's motion for summary judgment. The memorandum contra was supported by the affidavit of Frank R. Nutis, property manager for K L. Nutis averred that: (1) K L purchased one of the parcels in good faith and as an innocent third-party via a forfeited land sale conducted on February 27, 1995 by the Franklin County Auditor and recorded a deed for the property on April 25, 1995; and (2) Bank One did not notify K L of any claim to the property until March 1997. Citing R.C. 5723.12(B), K L argued that summary judgment was inappropriate because genuine issues of material fact existed as to whether K L's purchase of the property at the forfeiture sale caused it to acquire absolute title to the property free from all liens and encumbrances where the sale had been conducted in compliance with all statutory requirements and whether K L was notified of the pendency of Bank One's fraudulent conveyance action.
Bank One filed replies to both Plaza East's and K L's memoranda contra. In its reply to Plaza East's memorandum contra, Bank One asserted that it was unnecessary to name Michael J. Young, Trustee as a party to the action because the trust for which Michael J. Young was named trustee was fictitious. Bank One argued that since there was no trust agreement, it had no duty to look beyond Michael J. Young as the owner of the real estate. In support of its argument, Bank One attached portions of the transcript of the trial proceedings in the fraudulent conveyance action in which Young testified that the trust was "set up for a development to take place on the property which would later be titled in another name," and that there was no written trust agreement.
In its reply to K L's memorandum contra, Bank One asserted that R.C. 5723.12(C), not (B), was applicable to the instant action because the Franklin County Auditor brought its foreclosure action pursuant to R.C. 5721.18(C). Bank One attached to its reply a certified copy of the complaint filed in the foreclosure action purporting to demonstrate that the Franklin County Auditor brought the foreclosure action pursuant to R.C.5721.18(C). Bank One also asserted that the doctrine of lispendens prevented K L from arguing that it took title to the real estate without knowledge of the pending fraudulent conveyance action.
The trial court granted summary judgment in favor of Bank One. Specifically, the trial court found that because K L purchased the forfeited real estate pursuant to an action brought under R.C. 5721.18(C), it took title to the property subject to Bank One's November 19, 1990 judgment lien. Regarding Plaza East's claim, the trial court applied R.C. 5301.03 and found that because no written trust agreement existed, Bank One had no duty to look beyond Michael J. Young as the owner of the property; accordingly, the judgment lien filed against the real property owned by Michael J. Young individually attached to the real property held by Michael J. Young, Trustee. The court's judgment was formalized by entry dated July 31, 1998.
As noted previously, both Plaza East and K L timely appealed the trial court's July 31, 1998 entry, contending that the trial court erred in granting Bank One's motion for summary judgment.
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Before summary judgment may be granted under Civ.R. 56(C), the trial court must determine that: "* * * (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *" State ex rel. Parsons v. Fleming
(1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
Although the court is obligated to view the facts in a light most favorable to the nonmoving party, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the mere allegations or denials contained in his or her pleading but must come forth with specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E). The nonmoving party need not try the case at this level, but must produce more than a scintilla of evidence in support of his or her claims.
K L argues that because it acquired title to the real estate through a forfeiture sale, it obtained title free and clear of all liens and encumbrances. For this proposition, K L relies on R.C. 5723.12(B), which states, in relevant part:
 (B) Except as otherwise provided in division (C) of this section, when a tract of land has been duly forfeited to the state and sold under this chapter, the conveyance of the real estate by the auditor shall extinguish all previous title and invest the purchaser with a new and perfect title that is free from all liens and encumbrances * * *. [Emphasis added.]
R.C. 5723.12(C) provides:
 (C) When a tract of forfeited land that was foreclosed upon as a result of proceedings for foreclosure instituted under division (C) of section 5721.18 of the Revised Code is sold under this chapter, the conveyance of the real estate by the auditor shall extinguish all previous title and invest the purchaser with a new title free from the lien for land taxes, assessments, charges, penalties, and interest for which the lien was foreclosed, the property was forfeited to the state, and in satisfaction of which the property was sold under this chapter, but subject to all other liens and encumbrances with respect to the tract. (Emphasis added.)
K L concedes that it obtained title to the subject real estate through a forfeiture sale conducted by the Franklin County Auditor. In its reply to K L's memorandum contra, Bank One attached a certified copy of the complaint filed by the Franklin County Auditor in that foreclosure action. The complaint clearly shows that the Auditor brought that action pursuant to R.C. 5721.18(C). K L produced no evidence in rebuttal. Because the foreclosure action was brought pursuant to R.C. 5721.18(C), the sale of the real estate was governed by R.C. 5723.12(C), which states that the conveyance of real estate by the Auditor will transfer title to the forfeited sale purchaser subject to all liens and encumbrances other than the tax lien for which the property was foreclosed. Accordingly, when K L purchased the subject real estate through the forfeiture sale conducted pursuant to R.C. 5721.18(C), K L obtained title to the property subject to the judgment lien obtained by Bank One on November 19, 1990.
K L also argues that the doctrine of lis pendens does not apply to actions involving the judicial sale of real estate for delinquent taxes. The doctrine of lis pendens provides that if a third party acquires an interest in a property which is at that time subject to litigation, that third party takes the property subject to the final outcome of the litigation. Cook v. Mozer
(1923), 108 Ohio St. 30, 36. In the instant case, there is no question that Bank One's fraudulent conveyance action was pending at the time the Franklin County Auditor filed its foreclosure action. Accordingly, under the doctrine of lis pendens, a third party who obtained an interest in the subject property obtained that interest subject to the outcome of Bank One's fraudulent conveyance action.
In support of its proposition, K L cites SecurityTrust Co. v. Root (1905), 72 Ohio St. 535. In that case, the Ohio Supreme Court held that the doctrine of lis pendens did not apply to the sale of land for taxes. The court so held because the statute governing tax sales at the time the case was decided made the tax lien paramount to all other liens. Unlike the statute reviewed by the court in Root, the statute under which the subject real estate was sold at a tax sale, R.C. 5723.12(C), permits the real estate to be sold subject to all liens and encumbrances. As noted previously, the trial court in the fraudulent conveyance action found that Bank One had a valid judgment lien relating back to the date of its original filing on November 19, 1990. Inasmuch as Bank One's judgment lien had attached to the real estate as of November 19, 1990, the real estate was sold subject to that lien when it was sold to K L pursuant to R.C. 5723.12(C).
After reviewing the summary judgment materials submitted by both Bank One and K L in a light most favorable to K L, we find that no genuine issue as to any material fact remains to be litigated and that Bank One is entitled to judgment as a matter of law; accordingly, we find the trial court did not err in granting summary judgment in favor of Bank One on its claim against K L. K L's assignment of error is not well-taken.
By its assignment of error, Plaza East argues that the trial court erred in granting summary judgment when there existed a genuine issue of material fact as to whether the judgment lien against real estate held by Michael J. Young attached to property held by Michael J. Young, Trustee. Plaza East argues that it produced evidence of a genuine issue of material fact for trial,i.e., the affidavit of Michael J. Young, in which he attested that the property titled to Michael J. Young, Trustee was held in trust for his son and other family members.
As noted previously, the trial court applied R.C.5301.03 and found that because no written trust agreement existed, Bank One had no duty to look beyond Michael J. Young as the owner of the real estate; accordingly, Bank One's judgment lien against real property held by Michael J. Young attached to the property held by Michael J. Young, Trustee.
R.C. 5301.03 provides:
 "Trustees," "as trustee," or "agent," or words of similar import, following the name of the grantee in any deed of conveyance or mortgage of land executed and recorded, without other language showing a trust or expressly limiting the grantee's or mortgagee's powers, or for whose benefit the same is made, or other recorded instrument showing such trust and its terms, do not give notice to or put upon inquiry any person dealing with said land that a trust or agency exists, or that there are beneficiaries of said conveyance or mortgage other than the grantee and those persons disclosed by the record, or that there are any limitations on the power of the grantee to convey or mortgage said land, or to assign or release any mortgage held by such grantee. As to all subsequent bona fide purchasers, mortgagees, lessees, and assignees for value, a conveyance, mortgage, assignment, or release of mortgage by such grantee, whether or not his name is followed by "trustee," "as trustee," "agent," or words of similar import conveys a title or lien free from the claims of any undisclosed beneficiaries, and free from any obligation on the part of any purchaser, mortgagee, lessee, or assignee to see to the application of any purchase money. This section does not apply to suits brought prior to July 16, 1927, in which any such deeds of conveyance, leases, or mortgages are called in question, or in which the rights of any beneficiaries in the lands described therein are involved. This section does not prevent the original grantor, trustor, undisclosed beneficiary, or anyone claiming under them from bringing suits other than suits affecting land which is the subject of such conveyance or mortgage.
In Marital Trust of Casto v. Lungaro (1986), 22 Ohio St.3d 298, a judgment creditor filed a foreclosure action against real property owned by the judgment debtor. The judgment debtor argued that the property was not subject to foreclosure by the judgment creditor because the property was held in trust for the benefit of another. However, no trust agreement had been recorded. The trial court held that the oral agreement to create a trust was not effective as against the judgment creditor pursuant to R.C. 5301.03. Accordingly, the trial court ordered judgment of foreclosure for the judgment creditor.
The court of appeals reversed, holding that R.C. 5301.03
does not prevent the owner of an equitable interest created by an oral trust from asserting a prior interest against a judgment creditor of the trustee. The court remanded to the trial court for a determination as to the existence, nature and extent of any equitable interest the trust beneficiary might have in the property.
On appeal to the Ohio Supreme Court, the court determined that the issue presented was not whether an oral trust existed; rather, the issue was whether R.C. 5301.03 prevents the enforcement of such a prior interest against a judgment creditor. The court held at the syllabus that "R.C. 5301.03 does not prevent the owner of an equitable interest created by an oral trust in real property from asserting a prior interest in that property against a judgment creditor of the trustee." The court explained, as follows:
 * * * R.C. 5301.03 is a notice statute. It provides that certain language in a deed or mortgage which purports to create an equitable interest will not be sufficient to notify other parties of limitations on the grantee's or mortgagee's powers. Noncompliance with the statute does not defeat the creation of an equitable interest; it simply prevents enforcement of that interest against the particular parties named in the statute. Those parties include "* * * bona fide purchasers, mortgagees, lessees, and assignees for value * * *," but not judgment creditors. The persons named in the statute have obtained an interest in the land itself. In contrast, a general judgment creditor * * * has no specific interest in the land but only an interest against a person. * * * [Marital Trust of Casto, supra, at 300; emphasis sic.]
The Supreme Court remanded the cause to the trial court for determination as to the nature and extent, if any, of any equitable interest held by the trust beneficiary.
Some five months later, in Bank One of Milford v. Bardes
(1986), 25 Ohio St.3d 296, the Ohio Supreme Court reaffirmed its holding in Marital Trust of Casto, supra. In the Bank One ofMilford case, Bardes owned farm property as an individual and later executed a general warranty deed by which he purported to transfer the property to himself as trustee. Other than the designation "trustee," the deed did not disclose any other information about the purported trust, nor any limitations on his powers and duties as trustee. Several judgment creditors of Bardes as an individual sought to foreclose upon the aforementioned real estate. The trial court held that although the real estate was held of record by Bardes as trustee, by virtue of R.C. 5301.03, Bardes, individually, held an absolute fee simple interest in the property. The trial court ordered foreclosure and sale of the real estate in satisfaction of the creditors' various judgments. The court of appeals affirmed.
Relying upon its recent decision in Marital Trust ofCasto, supra, the Ohio Supreme Court held that the failure to record a trust instrument did not, by virtue of R.C. 5301.03, operate to divest a trustee of his interest in real estate and that R.C. 5301.03 is a notice statute which does not protect judgment creditors who have not relied upon the existence and/or ownership of the subject real estate in the extension of credit. The Supreme Court reversed the judgment of the court of appeals and remanded the cause to the trial court for determination of whether Bardes had an enforceable equitable interest in the subject real estate and, if so, the nature and extent of that interest.
Pursuant to the Ohio Supreme Court's holdings in MaritalTrust of Casto and Bank One of Milford, supra, we find that the trial court erroneously applied R.C. 5301.03 in finding that because no written trust agreement existed, Bank One's judgment lien against property held by Michael J. Young, individually, attached to property held by Michael J. Young, Trustee. Plaza East submitted the affidavit of Michael J. Young, who attested that the subject property was held in trust for his son and other family members. Viewing that evidence in a light most favorable to Plaza East, we find that a genuine issue of material fact exists as to whether the property held by Michael J. Young, Trustee was subject to the judgment lien rendered against Michael J. Young individually. Having determined that a genuine issue of material fact remains to be litigated, we conclude that the trial court erred in granting summary judgment in favor of Bank One on Plaza East's claim. Accordingly, Plaza East's assignment of error is well-taken.
For the foregoing reasons, K L's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed as to Bank One's claims against K L. Plaza East's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas as to Bank One's claims against Plaza East is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
BOWMAN, J., and LAZARUS, P.J., concur.
[1] Defendant Michael J. Young, pro se, also filed a notice of appeal, but did not file a brief in this court.