[Cite as *Francati v. Fuentes*, 2024-Ohio-5095.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**


SHEILA M. FRANCATI, ET AL.,    :

    Plaintiffs-Appellees,    :        No. 113507

    v.    :

CARLOS FUENTES, ET AL.,

    :

    Defendants-Appellees.

    :

[Appeal by Allison Marino, Robert Reid,
and Judith Bar,    :

    Plaintiffs-Appellants.]    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Probate Division
Case No. 2023ADV281774

---

*Appearances:*

Joseph Bancsi, *for appellants*.

Gallagher Sharp LLP, Mark A. Greer, and Rachel L. Bagnolo; Brouse McDowell, Michael P. O'Donnell, and David Sporar, *for appellees*.

ANITA LASTER MAYS, J.:

{¶ 1} Alison Marino, Robert Reid, and Judith Barr ("Appellants") appeal the probate court's dismissal of their complaint for declaratory judgment against Carlos Fuentes, Edward Smith, Kristen Kaltenstein, James Brewer, Gina Crawford, and Kelsey Michels ("Appellees"). Because the probate court did not have subject-matter jurisdiction over the action, we affirm the judgment appealed.

RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellants are homeowners in the Bay View Park subdivision in Bay Village, Ohio. The Bay View Park subdivision was created in 1948. At that time, the Bay View Park Association, an incorporated nonprofit entity governed by R.C. 5312.02, was created. Appellees are current or former members of the Board of Directors and/or Executive members of the Bay View Park Association.

{¶ 3} On July 1, 2023, a declaratory judgment action in the probate court was filed asking the probate court to find there is an easement upon the land conveyed to the Bay View Park Association for their benefit and that the Bay View Park Association cannot restrict or obstruct the use of the easement by them.[1] On August 10, 2023, an amended complaint was filed. Within the amended complaint, Appellants alleged the probate court had "jurisdiction to hear disputes from the administration of trusts and to render decisions declaring the rights of beneficiaries

_____

[1] Following the initial filing of the action for declaratory judgment, several parties, to include Appellants as well as several of the Appellees, were added to the suit. Sheila Francati, the initial plaintiff in the action, did not appeal the judgment.

and the duties of trustees, and to issue injunctive relief regarding the fiduciary obligation and breaches thereof by the trustees pursuant to the provisions of Ohio Rev. Code, Sections 2101.24(A)(1)(i) and (m) and 5817.01(A)(1)."

{¶ 4} The complaint further alleged that Appellants were beneficiaries of a trust that contained real property and that the trust was created by several documents created across decades, to include a deed dated April 12, 1918, which conveyed title to a tract of land in Bay Village, Ohio to the Realty Realization Company (the "Goldberg deed") and an October 9, 1946 deed (the "Home Center, Inc. deed"), which conveyed the tract of land to the Bay View Park Association.

{¶ 5} In 1918, the Goldberg deed created an easement over a tract of land to provide certain property owners the right to access Lake Erie as follows:

> Grantor has heretofore set apart a strip 30 feet in width more or less, running along the Easterly line of his Allotment North from Lake Road to Lake Erie, said 30 foot right of way being indicated on grantor's plat heretofore accepted by Bay Village; said strip being improved along the Westerly side by a stone sidewalk, and at the North end by stone steps leading from the bluff to the beach; and
>
> NOW THEREFORE, said Grantor does hereby grant unto the said Grantees, it successors and assigns, the right to use said 30 foot strip and right away, to pass and repass upon the same on foot, or with the animals and vehicles of every description, to and fro, and to have access thereby to the lake, with full right to boating, bathing fishing and other riparian privileges; to have to hold said easement and privilege unto said Grantee its successors and assigns forever.

{¶ 6} Thereafter, a plat was filed in 1922 (the "1922 Record Plat") that included the land conveyed in the Goldberg deed and that set aside certain lots with

Lake Erie access as a park. In 1946, the Home Center, Inc. deed transferred land to the Bay View Park Association "[s]ubject to the right of the lot owners of said subdivision to use said land as a right-of-way to Lake Erie and subject to restrictions and easements of record, if any, zoning ordinances, if any, and taxes and assessments of record." Appellants also alleged in the amended complaint that in 1946, Cuyahoga Abstract Title and Trust Company issued a Title Guaranty to Home Center, Inc., making mention of the easement. In 1948, Paul A. Mitchell, Superintendent of Banks, transferred title to a parcel of land adjacent to the tract of land to the Bay View Park Association for use by Bay View Park Subdivision residents.

{¶ 7} On September 18, 2023, Appellees filed a joint motion to dismiss the amended complaint pursuant to Civ.R. 12(B)(1) arguing Appellants had shown no connection to a probate estate or trust and as such, the probate court lacked subject-matter jurisdiction. Appellees also argued that they are current and/or former Members and Executive Members of the Board of Directors for the Bay View Park Association, that the association owns land in fee simple, and that no trust agreement regarding the use or ownership of the land owned by association exists.

{¶ 8} On November 13, 2023, the probate court held a hearing on the motion to dismiss. On December 1, 2023, it dismissed the amended complaint for want of subject-matter jurisdiction. In dismissing the amended complaint, the probate court found "that it has jurisdiction to hear disputes from the

administration of trusts and to render decisions declaring the rights of beneficiaries and the duties of trustees pursuant to Ohio Revised Code Section 2101.24(A)(1)(i) and (m) and Chapter 5817." It stated that, when considering a motion to dismiss based on subject-matter jurisdiction, it was not confined to the allegations of the complaint and could consider material outside the pleading without converting the matter to summary judgment. The probate court determined that "[Appellants] rely on the original 'Goldberg Deed' and subsequent deeds as well as the creation of the Bay View Park Association to establish a trust that brings the matter within the jurisdiction of the court." The probate court found that a deed creating an easement did not create a trust and granted the Appellees' motion to dismiss.

LAW AND ARGUMENT

Standard of Review of the Grant of a Motion to Dismiss

{¶ 9} We review a motion to dismiss for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) to determine whether "the complaint raises any cause of action cognizable by the forum." *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 12. "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction . . . and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus; *In re A.M.S.*, 2019-Ohio-3181, ¶ 44 (8th Dist.).

## Jurisdiction of the Probate Court

**{¶ 10}** Probate courts are courts of limited jurisdiction. *Santomauro v. McLaughlin*, 2022-Ohio-2441, ¶ 15, citing *Zuendel v. Zuendel*, 63 Ohio St.3d 733 (1992). Proceedings within the probate court are "those actions permitted by statute and by the Constitution." *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court*, 74 Ohio St.3d 19, 22 (1995). R.C. 2101.24(A)(1)(l) provides that a probate court has jurisdiction "[t]o render declaratory judgments, including, but not limited to, those rendered pursuant to Chapter 5817. of the Revised Code." R.C. Ch. 5817 governs the validity of wills and trusts.

## Appellants' Assignments of Error

**{¶ 11}** Appellants raise six assignments of error that read:

1. The trial court committed prejudicial and reversible error as a matter of law when it found that Plaintiffs have not, and cannot, establish the existence of a trust upon the record before the court to confer jurisdiction.

2. The trial court committed prejudicial and reversible error as a matter of law when it found that Plaintiffs did not, and cannot, establish the elements and requirements for the existence of a trust.

3. The trial court committed prejudicial and reversible error as a matter of law when it found that the two parcels of land conveyed to the Bay View Park Association, Inc. in 1946 and 1948 did not constitute trust property.

4. The trial court committed prejudicial and reversible error as a matter of law when it found that there was no manifestation of intent to create a trust by the incorporators of the Bay View Park association, Inc.

5.     The trial court committed prejudicial and reversible error as a matter of law when it found that Defendants were not named as trustees and that they were not trustees of any named trust.

6.     The trial court committed prejudicial and reversible error as a matter of law when it found that the sublot owners of the Bay View Park Subdivision were not beneficiaries of the Bay View Park Trust.

{¶ 12} Appellants recognize these assignments of error are interrelated. Each assignment of error is dependent upon whether the amended complaint alleged the creation of a trust that would provide the probate court with subject-matter jurisdiction. As such, we address the assignments of error concurrently.

{¶ 13} The probate court examined the record and found the deeds granted an easement, but that an easement is not a trust. We agree. An easement can simply be defined as a "grant of use on the land of another." *Alban v. R. K. Co.*, 15 Ohio St.2d 229, 231 (1968) A trust is defined as "'a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it.'" *Hill v. Irons,* 160 Ohio St. 21, 21 (1953), quoting 1 Restatement of the Law of Trusts, page 6 (1935). The Ohio Supreme Court explained that a trust may be created within a deed, but

> [i]n order to engraft a trust upon an absolute deed, the declaration of such trust must be contemporaneous with the deed, and the evidence relied upon must be clear, certain and conclusive and must establish the existence of the trust beyond a reasonable doubt. (*Russell v. Bruer*, 64 Ohio St., 1, followed.)

*Id.* at paragraph one of the syllabus; *Gammarino v. Hamilton Cty. Bd. of Revision*, 84 Ohio St.3d 155 (1998). Further, " If a person * * * purports to transfer * * * an interest [not in existence] to another in trust, no trust arises even when the interest comes into existence in the absence of a manifestation of intention at that time." *Bergholtz Coal Holding Co. v. Dunning*, 2006-Ohio-3401, ¶ 29 (11th Dist.), citing 1 Restatement of The Law 2d, Trusts, § 75 Comment (c) (1959).

{¶ 14} Appellants argue that a trust was created through the deeds, the 1922 Record Plat, and the 1941 Bay View Park Articles of Incorporation. These documents do not provide evidence that a trust was created "contemporaneously" within the deeds or documents upon which Appellants rely, because the deeds were not in existence at the time of the creation of the documents. Additionally, these documents do not manifest an intention to create a trust; there is no mention of a trust, beneficiaries, or trust property.[2] Appellants argument conflates the creation of an easement or right to use property as evidence of the grantor's intention in the deeds to convey the property in trust. The deeds do not do so. Instead, the documents indicate the creation and recognition of an easement. As such, the deeds and documents relied upon do not evidence that a trust was established.

---

[2] Although the 1941 Bay View Park Articles of Incorporation designates board members as "trustees," the use of the term trustee does not establish a trust by itself. *See In re Estate of Hoffman*, 175 Ohio St. 363, 367 (1963) ("[T]here must be something more than the words that one is trustee for another to show that the settlor had a present intention to create a trust."), *Gammarino v. Hamilton Cty. Bd. of Revision*, 84 Ohio St.3d 155, 158 (1998) (Holding that "the designation 'Trustee' after Al Gammarino name in the sheriff's deed did not create a trust or make Al Gammarino a trustee of a trust.").

{¶ 15} The allegations in the amended complaint concern a dispute by members of a homeowners association and its board and members. Such disputes are not detailed within a probate court's jurisdiction. *See generally* R.C. 2101.24. Finally, Appellants' reliance on R.C. 2101.24(A)(1)(m), which grants the probate court's jurisdiction to "direct and control the conduct of fiduciaries and settle their accounts," is not persuasive because this provision governs the conduct of fiduciaries of an estate. *Ivancic v. Enos*, 2012-Ohio-3639, ¶ 35 (11th Dist.) ("[A] probate court has the exclusive jurisdiction '[t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates' and '[t]o direct and control the conduct of fiduciaries and settle their accounts.' R.C. 2101.24(A)(1)(c) and (m).")

{¶ 16} Because Appellants did not show the existence of a trust that would provide the probate court with subject-matter jurisdiction, Appellants' six assignments of error are overruled.

## CONCLUSION

{¶ 17} The probate court did not have subject-matter jurisdiction over the claims in Appellants' declaratory judgment action where they asserted that a trust was created by a series of deeds and other documents spanning decades. Those documents established the existence of an easement and the probate court did not have subject-matter jurisdiction over a dispute regarding an easement. Accordingly,

the probate court correctly determined it did not have subject-matter jurisdiction over the action.

{¶ 18} Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR